**Adama NDIAYE, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–2028–ag.

United States Court of Appeals, Second Circuit.

Dec. 31, 2008.

Theodore Vialet, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Jennifer Levings, Senior Litigation Counsel; Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Adama Ndiaye, a native and citizen of Mauritania, seeks review of a March 28, 2008 order of the BIA, affirming the June 20, 2006 decision of Immigration Judge ("IJ") Noel Anne Ferris, who denied Ndiaye's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Adama Ndiaye*, No. A95 471 674 (B.I.A. Mar. 28, 2008), *aff'g* No. A95 471 674 (Immigr. Ct. N.Y. City June 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as

supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Ndiaye has failed to challenge before this Court the agency's denial of his claim for CAT relief, and because addressing that claim does not appear to be necessary to avoid manifest injustice, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

This Court has held that, "in the right circumstances, the agency may deny relief to a petitioner on the ground that she has failed to provide sufficient corroboration for her otherwise credible testimony." *Niang v. Mukasey,* 511 F.3d 138, 148 (2d Cir.2007). However, before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "(a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007); *see also Niang,* 511 F.3d at 148. We have stated that before hinging a decision on lack of corroboration, an IJ must give the applicant a chance to explain the absence of corroboration, *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 394–95 (2d Cir.2005), and "to submit what may be readily available evidence," *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006).

Here, substantial evidence supports the agency's conclusion that Ndiaye failed to present sufficient corroborative evidence to carry his burden of proof for asylum. The agency did not err in requiring corroborating evidence because Ndiaye's testimony was vague and inconsistent regarding his identity, his claim of arrest and detention in Mauritania, the alleged time he spent in refuge Senegal, and his alleged arrival date and political activities in the United States. *See Matter of Y–B–,* 21 I. & N. Dec. 1136, 1139 (B.I.A.1998) ("The weaker the alien's testimony, the greater the need for corroborating evidence."). The agency identified particular documents absent from the record, including: Ndiaye's marriage certificate and the birth certificates of his children; a letter from Ndiaye's wife describing his political activities, his arrest, and the search of their house by the police; a letter from Ndiaye's roommate in Senegal, with whom he allegedly lived for two years following his flight from Mauritania; a more thorough letter from the hospital in the United States, where Ndiaye received treatment as a survivor of torture, to explain the connection, if any, between his medical treatment and his experiences in Mauritania; and documentation corroborating Ndiaye's political activities in the United States. Ndiaye's explanations for failing to provide such reasonably available evidence were inadequate, particularly where the IJ continued the removal hearings to give Ndiaye an opportunity to obtain the evidence. *See Niang,* 511 F.3d at 148 (citing *Jin Shui Qiu,* 329 F.3d at 153); *Matter of Y–B–,* 21 I. & N. Dec. at 1139. Under these circumstances, we find that the agency committed no error in concluding that Ndiaye failed to meet his burden of proof for asylum. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 568 (2d Cir.2006) (finding no error in the IJ's corroboration ruling where "the record makes clear that the information was

reasonably available to [the alien] and ... [the alien] failed to provide convincing evidence that the information was unavailable"). Because Ndiaye was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.